UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEIL ZLOZOWER and BARRY LEVINE,

                              Plaintiffs,

      - against -

MOTLEY CRUE, INC., MOTLEY CRUE TOURING,
INC., LIVE NATION WORLDWIDE, INC., LIVE
NATION CONCERTS, INC., LIVE NATION
ENTERTAINMENT, INC., LIVE NATION
MERCHANDISE, INC., GLOBAL MERCHANDISING
SERVICES INC., GLOBAL MERCHANDISING
SERVICES LTD., HOT TOPIC, INC., INFINITY 1 INC.,
SPENCER GIFTS LLC, ROCK.COM, INC., JET.COM,
INC, SEARS HOLDINGS CORPORATION,
AMAZON.COM, INC., TSC APPAREL, LLC, FRUIT
OF THE LOOM, INC., GILDAN APPAREL USA INC.,
PEACE TEXTILE AMERICA, INC., FANTASY
ACTIVEWEAR, INC., DELTA APPAREL, INC., and
SCORPIO POSTERS, INC.

                             Defendants.

---

Docket No. _____

JURY TRIAL DEMANDED

---

## **<u>COMPLAINT</u>**

Plaintiffs Neil Zlozower ("Zlozower") and Barry Levine ("Levine" and together with

Zlozower "Plaintiffs") by and through their undersigned counsel, as and for their Complaint

against Defendants Motley Crue, Inc. ("Motley"), Motley Crue Touring, Inc. ("Motley

Touring"), Live Nation Worldwide, Inc. ("Live Worldwide"), Live Nation Concerts, Inc. ("Live

Concerts"), Live Nation Entertainment, Inc. ("Live Entertainment"), Live Nation Merchandise,

Inc. ("Live Merchandise"), Global Merchandising Services Inc. ("Global Inc."), Global

Merchandising Services Ltd. ("Global Ltd."), Hot Topic, Inc. ("Hot Topic"), Infinity 1 Inc.

("Infinity"), Spencer Gifts LLC ("Spencer"), Rock.com, Inc. ("Rock"), Jet.com, Inc. ("Jet"),

Sears Holdings Corporation ("Sears"), Amazon.com, Inc. ("Amazon"), TSC Apparel, LLC ("TSC"), Fruit of the Loom, Inc. ("Fruit"), Gildan Apparel USA Inc. ("Gildan"), Peace Textile America, Inc. ("Peace"), Fantasy Activewear, Inc. ("Fantasy"), Delta Apparel, Inc. ("Delta"), Scorpio Posters, Inc. ("Scorpio" and together with Motley, Motley Touring, Live Worldwide, Live Concerts, Live Entertainment, Live Merchandise, Global Inc., Global Ltd., Hot Topic, Infinity, Spencer, Rock, Jet, Sears, Amazon, TSC, Fruit, Gildan, Peace, Fantasy and Delta "Defendants") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendants unauthorized reproduction, public display and sale of copyrighted Photographs of the founding members of the American metal band Motley Crue on merchandise during Motley's much anticipated Final Tour. The Photographs are owned and registered by Zlozower, a Los Angeles based legendary music photographer, and Barry Levine, a Los Angeles based well-known music photographer and movie producer. Accordingly, Plaintiffs seek injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendants because Defendants either reside in and/or are transacting business in New York.  The Defendants advertise, market and sell their goods/services in the state of New York to individuals, businesses, and other vendors.

4.      Motley is transacting business in New York and has an office in New York. Motley advertises, markets and sells its products in the state of New York to individuals, businesses, and other vendors.  Furthermore, Motley owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

5.      Motley Touring is transacting business in New York and has an office in New York.  Motley Touring advertises, markets and sells its products in the state of New York to individuals, businesses, and other vendors.  Furthermore, the Motley Touring offers its goods and services through a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

6.      Live Worldwide is transacting business in New York.  Live Worldwide advertises, markets and sells its products in the state of New York to individuals, businesses, and other vendors.  Furthermore, Live Worldwide has an office in New York. It also owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order concert tickets where one can attend to purchase merchandise subject of this litigation. Moreover, Live Worldwide owns, leases, operates and has booking rights for and/or equity interests in concert venues in New York.

7.      Live Concerts is transacting business in New York.  Live Concerts advertises, markets and sells its products in the state of New York to individuals, businesses, and other vendors.  Furthermore, the Live Concerts has an office in New York.   It also offers its services through a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order concert tickets where one can attend to

purchase merchandise subject of this litigation. Moreover, Live Concerts owns, leases, operates and has booking rights for and/or equity interests in concert venues in New York.

8.      Live Entertainment advertises, markets and sells its services in the state of New York to individuals, businesses, and other vendors.  Furthermore, the Live Entertainment has an office in New York.   It also offers its services through a public-facing website, accessible to New York residents and businesses, that is not merely passive.

9.      Live Merchandise advertises, markets and sells its services in the state of New York to individuals, businesses, and other vendors. Furthermore, the Live Merchandise has an office in New York.   It also offers its services through a public-facing website, accessible to New York residents and businesses, that is not merely passive. Live Merchandise sells merchandise in New York at their concert venues that they own, lease, operate and have booking rights for and/or equity interests in.

10.      Global Inc. advertises, markets and sells its services in the state of New York to individuals, businesses, and other vendors.  It also owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

11.      Global Ltd. advertises, markets and sells its services in the state of New York to individuals, businesses, and other vendors.  It also owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

12.      Hot Topic is transacting business in New York.  It is registered with the New York Department of State and has appointed a registered agent in New York.  Hot Topic also has an office in New York and owns and operates a public-facing website, accessible to New York

residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

13.     Infinity is transacting business in New York.  Infinity advertises, markets and sells its products in the state of New York to individuals, businesses, and other vendors. Furthermore, the Infinity owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

14.     Spencer is transacting business in New York. Spencer advertises, markets and sells its products in the state of New York to individuals, businesses, and other vendors. Spencer also has a place of business in New York and owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

15.     Rock is transacting business in New York.  Rock advertises, markets and sells its products in the state of New York to individuals, businesses, and other vendors.  Furthermore, the Rock owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

16.     Jet is transacting business in New York.  Infinity advertises, markets and sells its products in the state of New York to individuals, businesses, and other vendors.  Furthermore, the Rock owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

17.     Sears is transacting business in New York. Sears also has an office in New York and owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

18.     Amazon is transacting business in New York. It is registered with the New York Department of State and has appointed a registered agent in New York.  Amazon also has an office in New York and owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

19.     TSC is transacting business in New York. TSC advertises, markets and sells its products in the state of New York to individuals, businesses, and other vendors.  Furthermore, the TSC owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

20.     Fruit is transacting business in New York.  It is registered with the New York Department of State and has appointed a registered agent in New York.  Fruit also has an office in New York and owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

21.     Gildan is transacting business in New York. It is registered with the New York Department of State and has appointed a registered agent in New York.  Gildan also has an office in New York Gildan and owns and operates a public-facing website, accessible to New York

residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

22.     Peace is transacting business in New York. It is registered with the New York Department of State and has appointed a Registered Agent in New York.  Peace also has an office in New York and owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

23.     Fantasy is transacting business in New York.  Fantasy advertises, markets and sells its products in the state of New York to individuals, businesses, and other vendors. Furthermore, the Fantasy owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

24.     Delta is transacting business in New York. It is registered with the New York Department of State and has appointed a Registered Agent in New York. Delta also has an office in New York and owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

25.     Scorpio is transacting business in New York. It is registered with the New York Department of State and has appointed a registered agent in New York.  Scorpio also has an office in New York and owns and operates a public-facing website, accessible to New York residents and businesses, that is not merely passive, but through which one can order products that are the subjects of this litigation.

26.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

27.     Zlozower is a professional rock and roll photographer whose career has spanned forty-five years photographing many legendary musicians and bands including but not limited to Michael Jackson, Led Zeppelin, Van Halen, Eric Clapton, Guns N' Roses, and the Rolling Stones. Zlozower is in the business of selling and licensing his photographs to online websites, print publications, television stations, record labels, artists and collectors for a fee, having a usual place of business at 660 North Sweetzer Avenue #303, Los Angeles, California 90048. Zlozower's photographs have graced front covers of music albums and CD covers, magazines, concert programs, books, and has showcased his iconic photographs in gallery's and museums around the world.

28.     Levine is a professional music photographer and movie producer who has produced Hollywood blockbusters such as Die Hard, Oblivion, Hercules, and Driftwood having a usual place of business at 2315 North Hobart Blvd., Los Angeles, California 90027. Levine has photographed well-known artists such as KISS, The Beatles, Aerosmith, Elton John, and Queen. Barry has received the prestigious Diamond Gem Award and his photographs have appeared on front covers of music albums and in museums and photo galleries.

29.     Upon information and belief, Motley is a popular American heavy metal band founded by Nikki Sixx, Tommy Lee, Vince Neil, and Mick Mars. Motley has sold more than one-hundred million records worldwide. Motley has a place of business at 38 West 21st Street, Suite 300, New York, New York, 10010. At all times material hereto, Motley has owned and operated a website at the URL: www.Store.Motley.com (the "Website").

30.     Upon information and belief, Motley Touring is Motley's touring company with a place of business at 38 West 21st Street, Suite 300, New York, New York 10010. At all times material hereto, Motley has owned and operated a website at the URL: www.Store.Motley.com.

31.     Upon information and belief, Live Worldwide is an American entertainment company that owns, leases, operates and has booking rights for and/or equity interests in many concert venues. Motley has performed at Live Worldwide concert venues. It is a corporation with a place of business at 220 West 42nd Street, New York, New York 10036. Upon information and belief, Live Worldwide is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

32.     Upon information and belief, Live Concerts is a corporation with a place of business at 220 West 42nd Street, New York, New York 10036. Motley has performed at Live Concert venues. Upon information and belief, Live Concerts is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

33.     Upon information and belief, Live Entertainment is a corporation with a place of business at 220 West 42nd Street, New York, New York 10036. Motley has performed at Live Entertainment concert venues.

34.     Upon information and belief, Live Merchandise is Live Worldwide's merchandising department that assists in creating merchandise for the band members Live Worldwide represents including Motley Crue. Live Merchandise has a place of business at 220 West 42nd Street, New York, New York 10036.

35.     Upon information and belief, Global Inc. is a merchandising company that creates products for well-known bands such as Motley Crue, Elton John, Bon Jovi, Dolly Parton, One Direction, Backstreet Boys, and Jimmy Page. It is a corporation with a place of business at 1680

Vine Street, Suite 800, Los Angeles, CA 90028. At all times material hereto, Global has owned and operated a website at the URL: www.GlobalMerchServices.com.

36.     Upon information and belief, Global Ltd. is a merchandising company that creates merchandise for Motley Crue. At all times material hereto, Global has owned and operated a website at the URL: www.GlobalMerchServices.com.

37.     Upon information and belief, Hot Topic is an American retail clothing and accessory corporation with a place of business at 200 Baychester Avenue #221, Bronx, New York 10475. Hot Topic sells Motley merchandise in their stores and on their website. Upon information and belief, Hot Topic is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Hot Topic has owned and operated a website at the URL: www.HotTopic.com.

38.     Upon information and belief, Infinity is clothing corporation that sells Motley Crue merchandise. At all times material hereto, Infinity has owned and operated a website at the URL: www.Rockabilia.com.

39.     Upon information and belief, Spencer is an accessory and clothing limited liability company that sells Motley merchandise with a place of business at 691 Broadway, New York, New York 10012. At all times material hereto, Spencer has owned and operated a website at the URL: www.spencersonline.com.

40.     Upon information and belief, Rock is a merchandise retailer that sells Motley merchandise. At all times material hereto, Rock has owned and operated a website at the URL: www.Rock.com.

41.     Upon information and belief, Jet is a merchandise retailer that sells Motley merchandise. At all times material hereto, Jet has owned and operated a website at the URL: www.Jet.com.

42.     Upon information and belief, Sears is a retail outlet that sells Motley merchandise. Upon information and belief, Sears is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Sears has owned and operated a website at the URL: www.Sears.com

43.     Upon information and belief, Amazon is a retail outlet that sells Motley merchandise. Upon information and belief, Amazon is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Sears has owned and operated a website at the URL: www.Amazon.com.

44.     Upon information and belief, TSC is a clothing supplier and owner of Tultex shirts. At all times material hereto, TSC has owned and operated a website at the URL: www.Tultex.com.

45.     Upon information and belief, Fruit is a clothing manufacturer with a place of business at 1400 Broadway, New York, NY 10018. Upon information and belief, Fruit is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Fruit has owned and operated a website at the URL: www.Fotlinc.com.

46.     Upon information and belief, Gildan is a clothing manufacturer with a place of business at 228 East 45th Street, 4th Floor, New York, NY 10017. Upon information and belief, Gildan is registered with the New York Department of State, Division of Corporations to do

business in the State of New York. At all times material hereto, Gildan has owned and operated a website at the URL: www.Gildan.com.

47.     Upon information and belief, Peace is a clothing manufacturer with a place of business at 2715 Covered Bridge Road, Merrick, New York, 11566. Upon information and belief, Peace is registered with the New York Department of State, Division of Corporations to do business in the State of New York.  All times material hereto, Peace has owned and operated a website at the URL: www.EPacificSports.com.

48.     Upon information and belief, Delta is a clothing manufacturer with a place of business at 530 Fashion Avenue # 1106, New York, New York 10018. Upon information and belief, Delta is registered with the New York Department of State Division of Corporations to do business in the State of New York. All times material hereto, Delta has owned and operated a website at the URL: www.DeltaApparel.com

49.     Upon information and belief, Scorpio is a poster company with a place of business at 63 19th Street, Brooklyn, NY 11232. Upon information and belief, Scorpio is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Scorpio has owned and operated a website at the URL: www.ScorpioPosters.com.

## STATEMENT OF FACTS

### A.     Background and Plaintiff's Ownership of the Photographs

50.     In the 1980's Zlozower and Levine photographed the members of the Motley Crue Band at Zlozower and Levine's respective studios in Los Angeles. Zlozower and Levine used their own cameras, lighting equipment, film, batteries, backdrops, and accessories. Zlozower and Levine directed the band members as to where to stand, how to pose, and where to

position. Zlozower's photographs are attached hereto as Exhibit A ("Zlozower Photographs").

Levine's photographs are attached hereto as Exhibit B ("Levine Photographs").

51.     Zlozower placed the Zlozower Photographs on his website www.AtlasIcons.com

to license to the public.

52.     Zlozower is the author of the Zlozower Photographs and has at all times been the

sole owner of all right, title and interest in and to the Zlozower Photographs, including the

copyright thereto.

53.     Levine is the author of the Levine Photographs and has at all times been the sole

owner of all right, title and interest in and to the Levine Photographs, including the copyright

thereto.

54.     The Zlozower and Levine Photographs are registered with United States

Copyright Office and were give registration numbers VA 1-921-391 and VA 2-001-693.

**B.     Defendant's Infringing Activities**

55.     In January 2014, Motley announced that they will be touring for the very last time

before their retirement during their Final Tour. The Final Tour started on July 2, 2014 and ended

on December 31, 2015.

56.     On the information and belief, the Final Tour consisted of one-hundred and thirty

concerts around the United States, sixteen shows in Europe, five shows in Asia, six shows in

Australia region, and one in South America. The concert schedule with the attendance and

revenue is attached hereto as Exhibit C.

57.     The Final Tour grossed approximately eight-six million dollars.

58.     According to Signatures Network, Inc. which is now owned by Live Worldwide

and was Motley Crue's licensing and tour merchandising company, Motley Crue's 2005 Red,

White and Crue tour had the highest merchandise sales in history, averaging more than $10 per ticketholder.

59.     Upon information and belief, in 2014, Motley, Motley Touring, Global Inc., Global Ltd., Live Worldwide, Live Concerts, Live Entertainment, and Live Merchandise copied the Zlozower Photographs and Levine Photographs and placed them on merchandise to sell to the public.

60.     Upon information and belief, the merchandise was sold on their websites, at concert venues, and third-party merchandise websites.

61.     Levine's Photographs have appeared on clothing and merchandise including but not limited to the Whisky A Go-Go Vintage T-Shirt (Regular and Slim Fit), Girls Girls Girls Bodysuit, Motley Crue Shout at the Devil Tour Baseball Shirt, Girls Girls Girls Poster Flag, Band/Girls Woven Patch, Girls Girls Girls T-Shirt, Motley Crue Shout At the Devil Japan T-Shirt, Motley Crue Shout at the Devil Crop Tank Top, Motley Crue Shout at the Devil Tour Girls T-Shirt, Motley Crue Vintage Shout At the Devil T-Shirt (Regular and Slim Fit), Motley Crue Shout Wire T-Shirt, Motley Crue Shout at the Devil Band Mens T-Shirt, Girls Girls Girls Sepia Poster, Shout at the Devil Wire Long Sleeve Shirt, Motley Crue Shout at the Devil Wire World Tour T-Shirt, Motely Crue Warhol Band Mens T-Shirt, Motley Crue Girls Girls Girls Women's Vest, Girls, Girls, Girls Sticker, and Sharp Sticker. The merchandise is attached hereto as Exhibit D.

62.     Zlozower's Photographs have appeared on clothing and merchandise including but not limited to the the Shout at the Devil Women Tank Top, World Tour Coaster, World Tour Magnet, World Tour Coffee Mug, Shout Wire Long Sleeve Shirt, Shout Wire T-Shirt, World Tour Vintage T-Shirt, Vintage World Tour Devil T-Shirt, World Tour Women Tank Top, Final

Tour Lace Vintage Women Tank Top, Final Tour Vintage T-Shirt, Vintage Shout at the Devil T-Shirt (Slim and Regular Fit), Motley Crue Shout at the Devil Tour Girls T-Shirt, Theatre of Pain Vintage Girls Soft Tee, Motley Crue Japan T-Shirt-Sheer, Motley Crue Vintage Santa Monica T-Shirt, Motley Crue Classic Live In Concert Girls Pullover Top, and Motley Crue Chuck Taylor High Top Shoes. The merchandise is attached hereto as Exhibit E.

63.     Motley, Motley Touring, Global Inc., Global Ltd., sold the merchandise on their websites and sold the merchandise in concert venues around the world during the Final Tour in the United States, England, Germany, Switzerland, Italy, Monaco, Sweden, Finland, United Arab Emirates, Japan, New Zealand, Australia, Austria, Canada, Mexico and Brazil.

64.     Live Worldwide, Live Concerts, Live Merchandise, and Live Entertainment own, lease or have the booking rights or have an equity interest in concert venues where Motley Crue has performed during their Final Tour. Live Worldwide, Live Concerts, Live Merchandise and Live Entertainment split the merchandise revenue between Motley, Motley Touring, and with Global Inc. and Global Ltd. A list of the concert venues is attached hereto as Exhibit F.

65.     Hot Topic sold the merchandise with Zlozower's and Levine's photographs in their stores and on their website. The merchandise is attached hereto as Exhibit G.

66.     Infinity sold the merchandise with Zlozower's and Levine's photographs on their website and in their catalog. The merchandise is attached hereto as Exhibit H and I.

67.     Spencer sold the merchandise with Zlozower's and Levine's photographs on their website. The merchandise is attached hereto as Exhibit J.

68.     Rock sold the merchandise with Zlozower's and Levine's photographs on their website. The merchandise is attached hereto as Exhibit K.

69.     Jet sold merchandise with Zlozower's and Levine's photographs on their website. The merchandise is attached hereto as Exhibit L.

70.     Scorpio sold merchandise with Zlozower's and Levine's photographs on their website. The merchandise is attached hereto as Exhibit M.

71.     Sears sold merchandise with Zlozower's and Levine's photographs on their website. The merchandise is attached hereto as Exhibit N.

72.     Amazon sold merchandise with Zlozower's and Levine's photographs on their website. The merchandise is attached hereto as Exhibit O.

73.     Motley sold merchandise with Zlozower's and Levine's photographs on their website. The merchandise is attached hereto as Exhibit P.

74.     TSC, Fruit, Gildan, Peace, and Delta are clothing manufacturers that the Zlozower and Levine Photographs appear on.

75.     Motley, Motley Touring, Global Inc., Global Ltd., Live Worldwide, Live Concerts, Live Merchandise, Live Entertainment did not license the Zlozower and Levine Photographs from Plaintiffs for its merchandise, nor did Motley, Motley Touring, Global Inc., Global Ltd., Live Worldwide, Live Concerts, Live Entertainment, Live Merchandise have Plaintiffs permission or consent to publically display and sell the merchandise with the Zlozower and Levine Photographs to the public.

76.     Hot Topic, Infinity, Spencer, Rock, Jet, Scorpio, Sears, and Amazon did not license the Zlozower and Levine Photographs from Plaintiffs for its merchandise, nor did Hot Topic, Infinity, Spencer, Rock, Jet, Scorpio, Sears, and Amazon have Plaintiffs permission or consent to publically display and sell the merchandise with the Zlozower and Levine Photographs to the public.

77.     TSC, Fruit, Gildan, Peace, and Delta did not license the Zlozower and Levine Photographs from Plaintiffs for its merchandise, nor did TSC, Fruit, Gildan, Peace, and Delta have Plaintiffs permission or consent to publically display and sell the merchandise with the Zlozower and Levine Photographs to the public.

**FIRST CLAIM FOR RELIEF
(COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)
(17 U.S.C. §§ 106, 501)**

78.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-77 above.

79.     Defendants infringed Plaintiff's copyright in the Photographs by reproducing, publicly displaying, and selling the Photographs on merchandise. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, publically display, distribute, sell and/or use the Photographs on merchandise.

80.     The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

81.     Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

82.     As a direct and proximate cause of the infringement by the Defendants of Plaintiffs copyright and exclusive rights under copyright, Plaintiffs are entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

83.     Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 per work infringed for Defendants willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

84.     Plaintiffs further are entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

85.     Defendants conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to a permanent injunction prohibiting further infringement of Plaintiffs copyrights and exclusive rights under copyright.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANTS
## (17 U.S.C. § 1202)

86.     Plaintiffs incorporates by reference each and every allegation contained in Paragraphs 1-85 above.

87.     The Photographs contained copyright management information protected under 17 U.S.C. § 1202(b).

88.     Upon information and belief, Defendants intentionally and knowingly removed copyright management information identifying Plaintiffs as the photographers of the Photographs.

89.     The conduct of Defendants violates 17 U.S.C. § 1202(b).

90.     Upon information and belief, Defendants falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiffs.

91.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendants intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiffs copyrights in the Photographs. Defendants also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiffs copyrights in the Photographs.

92.     As a result of the wrongful conduct of Defendants as alleged herein, Plaintiffs are entitled to recover from Defendants the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendants because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

93.     Alternatively, Plaintiffs may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests judgment as follows:

1.     That Defendants be adjudged to have infringed upon Plaintiffs copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendants be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.      That Defendants, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees, and all persons or entities acting in concert or participation with any Defendant, be enjoined from copying, reproducing, distributing, adapting, publicly displaying or selling the Zlozower Photographs and Levine Photographs pursuant to 17 U.S.C. §502;

4.      Plaintiffs be awarded either: a) Plaintiffs actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants infringement of Plaintiffs Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5.      That, with regard to the Second Claim for Relief, Plaintiffs be awarded either: a) Plaintiffs actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendants pursuant to 17 U.S.C. § 1203(c);

6.      That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

7.      That Plaintiffs be awarded their costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

8.      That Plaintiffs be awarded pre-judgment interest; and

9.      Such other and further relief as the Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       September 6, 2016

                                          LIEBOWITZ LAW FIRM, PLLC

                                          By: /s/Richard Liebowitz
                                              Richard P. Liebowitz
                                          11 Sunrise Plaza, Suite 301
                                          Valley Stream, NY 11580
                                          Tel: (516) 233-1660
                                          RL@LiebowitzLawFirm.com

                                          *Attorneys for Plaintiffs Neil Zlozower and Barry Levine*