**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEIL ZLOZOWER and BARRY LEVINE,<br><br>           Plaintiffs,<br><br><br>MOTLEY CRUE, INC., MOTLEY CRUE TOURING, INC., LIVE NATION WORLDWIDE, INC., LIVE NATION CONCERTS, INC., LIVE NATION ENTERTAINMENT, INC., LIVE NATION MERCHANDISE, INC., GLOBAL MERCHANDISING SERVICES INC., GLOBAL MERCHANDISING SERVICES LTD., HOT TOPIC, INC., INFINITY 1 INC., SPENCER GIFTS LLC, ROCK.COM, INC., JET.COM, INC., SEARS HOLDINGS CORPORATION, AMAZON.COM, INC., TSC APPAREL, LLC, FRUIT OF THE LOOM, INC., GILDAN APPAREL USA INC., PEACE TEXTILE AMERICA, INC., FANTASY ACTIVEWEAR, INC., DELTA APPAREL, INC., and SCORPIO POSTERS, INC.,<br><br>           Defendants. | Civil Action No. 1:16-cv-06950-LTS-RLE<br><br><br>**AMENDED ANSWER OF DEFENDANTS MÖTLEY CRÜE, INC. AND MÖTLEY CRÜE TOURING, INC.; AND**<br><br>**AMENDED COUNTERCLAIMS OF MÖTLEY CRÜE, INC. AGAINST PLAINTIFFS/COUNTERDEFENDANTS NEIL ZLOZOWER AND BARRY LEVINE** |
| MÖTLEY CRÜE, INC.,<br><br>           Counterclaimant,<br>     v.<br><br>NEIL ZLOZOWER and BARRY LEVINE,<br><br>           Counterdefendants. | |

## AMENDED ANSWER AND COUNTERCLAIMS

       Defendants Mötley Crüe, Inc. and Mötley Crüe Touring, Inc. (together "Defendants")

hereby respond to the Complaint as follows:

## NATURE OF THE ACTION

       1.       Defendants admit the allegations in the first and fourth sentence of paragraph 1 as

to Plaintiffs' description of the nature of their case and the relief sought, but Defendants deny that Plaintiffs have any rights under the Copyright Act and/or Digital Millennium Copyright Act and deny that Plaintiffs are entitled to any relief from Defendants whatsoever.  Defendants deny the allegations in the second sentence of paragraph 1.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the third sentence of paragraph 1, and therefore deny those allegations on that basis.

**JURISDICTION AND VENUE**

2.      The allegations in paragraph 2 are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in paragraph 2.

3.      The allegations in paragraph 3 are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in paragraph 3.

4.      Mötley Crüe, Inc. admits that it owns the website www.motley.com, but denies the remaining allegations in paragraph 4.

5.      Defendants deny the allegations in paragraph 5.

6.      Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 6, and therefore deny those allegations on that basis.

7.      Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 7, and therefore deny those allegations on that basis.

8.      Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 8, and therefore deny those allegations on that basis.

9.      Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 9, and therefore deny those allegations on that basis.

10.      Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 10, and therefore deny those allegations on that basis.

11.      Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 11, and therefore deny those allegations on that basis.

12.      Defendants lack sufficient knowledge or information to admit or deny the

allegations in paragraph 12, and therefore deny those allegations on that basis.

13.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 13, and therefore deny those allegations on that basis.

14.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 14, and therefore deny those allegations on that basis.

15.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 15, and therefore deny those allegations on that basis.

16.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 16, and therefore deny those allegations on that basis.

17.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 17, and therefore deny those allegations on that basis.

18.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 18, and therefore deny those allegations on that basis.

19.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 19, and therefore deny those allegations on that basis.

20.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 20, and therefore deny those allegations on that basis.

21.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 21, and therefore deny those allegations on that basis.

22.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 22, and therefore deny those allegations on that basis.

23.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 23, and therefore deny those allegations on that basis.

24.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 24, and therefore deny those allegations on that basis.

25.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 25, and therefore deny those allegations on that basis.

26.     The allegations in paragraph 26 are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in paragraph 26.

## PARTIES

27.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 27, and therefore deny those allegations on that basis.

28.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 28, and therefore deny those allegations on that basis.

29.     Defendants admit that Mötley Crüe is an iconic heavy metal and rock and roll band founded by Robert Alan Deal ("Mick Mars"), Frank Carlton Serafino Feranna, Jr. ("Nikki Sixx"), Thomas Lee Bass ("Tommy Lee"), and Vincent Neil Wharton ("Vince Neil"). Defendants admit that Mötley Crüe has sold over eighty million records worldwide.  Defendants admit that Mötley Crüe, Inc. owns the website www.Store.Motley.com.  Mötley Crüe, Inc. denies that it has an office at 38 West 21st Street, Suite 300, New York, NY 10010.

30.     Defendants admit that Mötley Crüe Touring, Inc. is Mötley Crüe's touring company.  Defendants deny the remaining allegations in paragraph 30.

31.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 31, and therefore deny those allegations on that basis.

32.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 32, and therefore deny those allegations on that basis.

33.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 33, and therefore deny those allegations on that basis.

34.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 34, and therefore deny those allegations on that basis.

35.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 35, and therefore deny those allegations on that basis.

36.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 36, and therefore deny those allegations on that basis.

37.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 37, and therefore deny those allegations on that basis.

38.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 38, and therefore deny those allegations on that basis.

39.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 39, and therefore deny those allegations on that basis.

40.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 40, and therefore deny those allegations on that basis.

41.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 41, and therefore deny those allegations on that basis.

42.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 42, and therefore deny those allegations on that basis.

43.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 43, and therefore deny those allegations on that basis.

44.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 44, and therefore deny those allegations on that basis.

45.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 45, and therefore deny those allegations on that basis.

46.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 46, and therefore deny those allegations on that basis.

47.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 47, and therefore deny those allegations on that basis.

48.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 48, and therefore deny those allegations on that basis.

49.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 49, and therefore deny those allegations on that basis.

## STATEMENT OF FACTS

**A.**    **Background and Plaintiff's Claim of Ownership of the Photographs**

50.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 50, and therefore deny those allegations on that basis.

51.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 51, and therefore deny those allegations on that basis.

52.    Defendants deny the allegations in paragraph 52.

53.    Defendants deny the allegations in paragraph 53.

54.    Defendants admit that Plaintiff Neil Zlozower is listed as the Copyright Claimant to copyright registration number VA 1-921-391 which is registered with the United States Copyright Office.  Defendants further admit that Plaintiff Barry Levine is listed as the Copyright Claimant to copyright registration number VA 2-001-693 which is registered with the United States Copyright Office.  Defendants deny the remaining allegations in paragraph 54.

**B.**    **Defendant's Alleged Infringing Activities**

55.    Defendants admit the allegations in paragraph 55.

56.    Defendants admit that Mötley Crüe's Final Tour comprised concerts in the United States, Europe, Asia, Australia and South America.  Defendants admit that Mötley Crüe's Final Tour was an overwhelming success.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 56, and therefore deny those allegations on that basis.

57.    Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 57, and therefore deny those allegations on that basis.

58.    Defendants lack sufficient knowledge or information as to Plaintiffs' communications with Signatures Network, Inc., and therefore deny the allegations in paragraph 58 on that basis.

59.    Defendants deny the allegations in paragraph 59.

60.    Defendants admit that Mötley Crüe merchandise is sold on websites, at concert

venues and through third-party websites.  Defendants deny the remaining allegations in paragraph 60.

61.     Defendants deny the allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants admit that Mötley Crüe merchandise was sold through websites and at concert venues during Mötley Crüe's Final Tour.  Defendants deny the remaining allegations in paragraph 63.

64.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 64, and therefore deny those allegations on that basis.

65.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 65, and therefore deny those allegations on that basis.

66.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 66, and therefore deny those allegations on that basis.

67.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 67, and therefore deny those allegations on that basis.

68.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 68, and therefore deny those allegations on that basis.

69.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 69, and therefore deny those allegations on that basis.

70.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 70, and therefore deny those allegations on that basis.

71.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 71, and therefore deny those allegations on that basis.

72.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 72, and therefore deny those allegations on that basis.

73.     Defendants deny the allegations in paragraph 73.

74.     Defendants lack sufficient knowledge or information to admit or deny the

allegations in paragraph 74, and therefore deny those allegations on that basis.

75.     Defendants lack sufficient information as to the licenses and rights held by other entities, and therefore deny the allegations in paragraph 75 as to the other entities on that basis. Defendants deny the remaining allegations in paragraph 75.

76.     Defendants lack sufficient information as to the licenses and rights held by other entities, and therefore deny the allegations in paragraph 76 as to the other entities on that basis.

77.     Defendants lack sufficient information as to the licenses and rights held by other entities, and therefore deny the allegations in paragraph 77 as to the other entities on that basis.

## FIRST CLAIM FOR RELIEF

### (*Copyright Infringement Against Defendants*)

### (17 U.S.C. §§ 106, 501)

78.     Defendants incorporate by reference each and every response to Plaintiffs' allegations in the paragraphs above.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

85.     Defendants deny the allegations in paragraph 85.

## SECOND CLAIM FOR RELIEF

### (*Integrity Of Copyright Management Information Against Defendants*)

### (17 U.S.C. § 1202)

86.     Defendants incorporate by reference each and every response to Plaintiffs' allegations in the paragraphs above.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.   Defendants deny the allegations in paragraph 89.

90.   Defendants deny the allegations in paragraph 90.

91.   Defendants deny the allegations in paragraph 91.

92.   Defendants deny the allegations in paragraph 92.

93.   Defendants deny the allegations in paragraph 93.

## SEPARATE AND ADDITIONAL DEFENSES

Defendants hereby plead the following separate and additional defenses to the Complaint. By alleging the separate and additional defenses set forth below, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever.  Without limiting or waiving any defenses available to them, and based on information and belief unless otherwise stated, Defendants allege as follows:

## FIRST ADDITIONAL DEFENSE

### (*Failure to State a Claim*)

94.   The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

### (*Statute of Limitations*, 17 U.S.C. § 507(b))

95.   The Complaint is barred, in whole or in part, by relevant statutes of limitation, including but not limited to the three year limitation on actions set forth in 17 U.S.C. § 507(b).

## THIRD ADDITIONAL DEFENSE

### (*Laches*)

96.   Plaintiffs unduly delayed in asserting their claims alleged in the Complaint, and such undue delay has prejudiced Defendants in their ability to defend the claims.  As such, the Complaint is barred, in whole or in part, by the doctrine of laches.

## FOURTH ADDITIONAL DEFENSE

### (*Works for Hire*)

97.     To the extent Plaintiffs created the photographs identified in the Complaint, Plaintiffs created those photographs for Defendants as works for hire.  As such, Defendants—not Plaintiffs—own any and all copyrights to the photographs identified in the Complaint.

## FIFTH ADDITIONAL DEFENSE

### (*License*)

98.     To the extent Plaintiffs owned any copyrights to the photographs identified in their Complaint, Plaintiffs granted Defendants permission to use those photographs, including but not limited to, to create and sell merchandise.

## SIXTH ADDITIONAL DEFENSE

### (*Consent*)

99.     The Complaint is barred, in whole or in part, by the doctrine of consent.

## SEVENTH ADDITIONAL DEFENSE

### (*Equitable Estoppel*)

100.     Through their conduct, Plaintiffs caused Defendants to believe that Defendants were permitted to use the photographs identified in the Complaint in connection with the creation and sale of merchandise.  As such, the Complaint is barred, in whole or in part, by the doctrine of equitable estoppel.

## EIGHTH ADDITIONAL DEFENSE

### (*Waiver*)

101.     The Complaint is barred, in whole or in part, by the doctrine of waiver.

## NINTH ADDITIONAL DEFENSE

### (*Unclean Hands*)

102.     Plaintiffs have not come to Court with clean hands, and thus the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## TENTH ADDITIONAL DEFENSE

### (*Ratification*)

103.     Each cause of action alleged in the Complaint is barred, in whole or in part, by the doctrine of ratification because Plaintiffs and/or their agent(s) were aware of the actions, decisions, and strategies of which they complain, and Plaintiffs expressly concurred in and affirmed those actions, decisions, and strategies.

## ELEVENTH ADDITIONAL DEFENSE

### (*Unjust Enrichment*)

104.     Any recovery by Plaintiff on the Complaint against Defendants would be unfair and would constitute unjust enrichment.

## TWELFTH ADDITIONAL DEFENSE

### (*Fair Use*)

105.     To the extent Defendants used the photographs identified in the Complaint in connection with the creation and sale of merchandise, such use does not constitute infringement under the doctrine of fair use.

## THIRTEENTH ADDITIONAL DEFENSE

### (*No Right to Statutory Damages or Attorneys' Fees*)

106.     Pursuant to 17 U.S.C. § 412, Plaintiffs are barred from recovering statutory damages and attorneys' fees.

## FOURTEENTH ADDITIONAL DEFENSE

### (*No Right to Defendants' Profits*)

107.     Defendants' profits earned through the sale of the merchandise identified in the Complaint are not attributable to the photographs identified in the Complaint, and therefore Plaintiffs are barred from recovering any of Defendants' profits under 17 U.S.C. § 504(b).

## FIFTEENTH ADDITIONAL DEFENSE

### (*No Immediate or Irreparable Harm*)

108.     Plaintiffs are not entitled to injunctive relief because any alleged injury is not

immediate or irreparable, and Plaintiffs have an adequate remedy at law.

## SIXTEENTH ADDITIONAL DEFENSE

### (*Innocent Intent*)

109.    Plaintiffs' claims are barred by the doctrine of innocent intent.

## SEVENTEENTH ADDITIONAL DEFENSE

### (*Failure to Mitigate Damages*)

110.    Plaintiffs have failed to mitigate their alleged damages, and therefore are entitled to no relief, or to reduced relief.

## EIGHTEENTH ADDITIONAL DEFENSE

### (*Implied Contract or Implied License*)

111.    Plaintiffs' claims are barred based on an implied contract or implied license that has been formed by the conduct of the parties.

## RESERVATION OF ADDITIONAL DEFENSES

112.    The Complaint does not describe the events or claims therein with sufficient particularity and/or in a sufficiently coherent manner to enable Defendants to determine all of the defenses which may exist to such events and claims.  Defendants therefore reserve their rights to add, delete, or modify any and all defenses which may pertain to the Complaint if the precise nature of such events and claims is determined through clarification or amendment of the Complaint, through discovery, through further legal analysis of Defendants' claims and positions in this litigation, or otherwise.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief requested in the Complaint. Defendants further pray for relief as follows:

1.    That Plaintiffs take nothing by way of their Complaint;

2.    That judgment be entered in favor of Defendants and against Plaintiffs, directing the Complaint to be dismissed with prejudice;

3.    That Defendants be awarded their costs of suit herein, including reasonable

attorneys' fees, to the extent recoverable under applicable law; and

    4.    That Defendants be awarded such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS OF MÖTLEY CRÜE, INC.

Counterclaimant Mötley Crüe, Inc. ("MCI") hereby asserts the following counterclaims against Plaintiff/Counterdefendants Neil Zlozower ("Zlozower") and Barry Levine ("Levine") (together "Counterdefendants"):

## INTRODUCTION

    1.    MCI seeks damages and injunctive relief against Zlozower and Levine for trademark infringement and violation of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil's rights of publicity under California law.  Counterdefendants have used the mark MÖTLEY CRÜE and the images and likenesses of Mötley Crüe's founding members for the purpose of advertising, marketing, promoting and selling picture books and photographs without approval or authorization from MCI.

## PARTIES, JURISDICTION AND VENUE

    2.    Counterclaimant MCI is a California corporation headquartered in Los Angeles, California.  MCI is the owner mark MÖTLEY CRÜE.  MCI also owns the rights to the likeness of the four band members and founders of the musical act Mötley Crüe—Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil—through an assignment by each band member.

    3.    On information and belief, Counterdefendant Neil Zlozower resides in New York, New York.

    4.    On information and belief, Counterdefendant Barry Levine resides in New York, New York.

    5.    This Court has jurisdiction over the counterclaims asserted herein under 28 U.S.C. §§ 1331, 1332 and 1367.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

# FACTS

6.      Counterclaimant MCI is the owner of intellectual property associated with the iconic heavy metal rock and roll band Mötley Crüe, including the likenesses of the founding members—Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil.  The musical act Mötley Crüe was founded in the early 1980's and the band has entertained millions of fans around the world for more than three decades.

7.      Mötley Crüe and the name, likeness and identity of its founding members have tremendous commercial value.  Through thousands of sold-out concerts and over eighty million records sold worldwide, Mötley Crüe has cemented itself as an enduring part of U.S. popular culture and attained significant commercial value in its name as a result.  Counterclaimant has proudly used the name Mötley Crüe to sell albums, concert tickets, merchandise and works of literature, among others.

8.      Apart from the commercial value associated with the name Mötley Crüe, the band and its members are instantly recognizable by fans across the globe as not just a legendary rock and roll musical act but also as symbols representing a certain lifestyle.

9.      In addition to recording and performing music under the name Mötley Crüe, Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil authored the New York Times Bestselling autobiography *The Dirt:  Confessions of the World's Most Notorious Rock Band* ("*Dirt*").  *Dirt* contains a first-hand account of Mötley Crüe's formation and rise to fame, and the band members' lifestyles.  *Dirt* includes over one hundred photographs of the band.  *Dirt* was first published in 2001 and is a massive commercial success.

## A.      Zlozower and Levine Publish Infringing Works

10.      In an attempt to profit from the success of *Dirt*, Counterdefendant Neil Zlozower ("Zlozower") published an unapproved book entitled *Mötley Crüe – A Visual History 1983-2005* ("*A Visual History*").  Levine is listed as a contributor to *A Visual History*.  *A Visual History* contains over one hundred pages of pictures of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil.

11.     Counterdefendants had no right to use the mark MÖTLEY CRÜE to title their book, nor did they have a right to use images of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil without Counterclaimant's prior approval or consent.

12.     Nikki Sixx, Mick Mars and Vince Neil are also listed as contributors to *A Visual History*, but did not consent to—nor could they have consented to or approved of—the use of the mark MÖTLEY CRÜE for the title of the book; and Nikki Sixx, Mick Mars and Vince Neil did not consent to, or approve of, the use of the images in the book in the manner presented by Counterdefendants.

13.     *A Visual History* was first published in 2009 and is still sold today to consumers at retail stores and through online e-retailers such as Amazon, Apple and Barnes & Noble, among others.

14.     *A Visual History* is not the first book published that misappropriated the likenesses of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil.  Zlozower published a second book entitled *Fück Yöu:  Rock and Roll Portraits* ("*Portraits*") that contains images of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil.  Zlozower published *Portraits* without Counterclaimant's consent or approval.

15.     Counterclaimant MCI owns two registered trademarks for the word mark MÖTLEY CRÜE, Registration Number 3264871 and 1407430.

16.     The 3264871 registration is under international classification 9 for musical sound recordings.  The 1407430 registration is, among others, under international classification 16 for photographs, picture books, bumper stickers and posters.

17.     Both marks were first used in commerce no later than 1982 and have been in continuous use from then through the present.

18.     Through their unlicensed use of the mark MÖTLEY CRÜE for the title of *A Visual History*, Counterdefendants engaged in trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1501, *et seq.*, and common law.

19.     Through their unapproved use of images of Mick Mars, Nikki Sixx, Tommy Lee

and Vince Neil in *A Visual History* and *Portraits*, Counterdefendants have violated Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil's rights of publicity under California law.

**B.     Unauthorized Internet Sales**

20.     Upon information and belief, Zlozower owns and operates a website at URL: http://zloz.com/rock-and-roll-prints/prints.htm (the "Website").  Through the Website, Zlozower sells images of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil to consumers at prices ranging from $400 to $800 per photograph.  Attached as **Exhibit A** is print-out of the Website.

21.     Zlozower never requested, nor received, consent to sell photographs depicting the likenesses of the band members of Mötley Crüe.

22.     On November 11, 2016, MCI informed Zlozower that he had no authorization from MCI to sell photographs of the band members of Mötley Crüe on his Website.  MCI demanded that Zlozower immediately and permanently cease all sales of photographs of the band members of Mötley Crüe on his Website.  Zlozower did not respond and the photographs remain available for sale on the Website.

**FIRST CAUSE OF ACTION**

**FOR TRADEMARK INFRINGEMENT**

**(*By MCI Against Neil Zlozower and Barry Levine*)**

23.     Counterclaimant incorporates by reference each and every allegation contained in paragraphs 1 through 22 above.

24.     MCI is the registered owner of the mark MÖTLEY CRÜE.  The mark MÖTLEY CRÜE is registered, among others, under international classification 16 for photographs, picture books, bumper stickers and posters (Reg. No. 1407430).

25.     As the registered owner, MCI is the only entity permitted to use the mark MÖTLEY CRÜE in connection with the sale of books, among others, and no other person can use the same or similar words in any manner likely to cause confusion, mistake or deception.

26.     Counterdefendants infringed the mark MÖTLEY CRÜE, under 15 U.S.C. § 1114 and the common law, through their express use of the name Mötley Crüe in the title to their book

*A Visual History*.

27.     Counterdefendants' use of the name Mötley Crüe has caused, and is likely to further cause, confusion, mistake or deception among ordinarily prudent consumers as to the source or origin of *A Visual History*.

28.     Ordinarily prudent consumers have purchased, and are likely to continue to purchase, *A Visual History* on the mistaken belief that Counterclaimant created or endorsed the book.

29.     Counterdefendants' infringement of the mark MÖTLEY CRÜE has caused, and if not enjoined will further cause, harm to the reputation and good will associated with the mark MÖTLEY CRÜE.

30.     Counterdefendants' use of the name Mötley Crüe is a substantial factor that has led to reputational harm.

31.     MCI has suffered monetary harm through Counterdefendants' infringement of the mark MÖTLEY CRÜE in an amount yet to be determined but will conform to proof at trial.

32.     Counterdefendants' infringement of the mark MÖTLEY CRÜE was willful, malicious and wanton, and as such MCI is entitled to an award of punitive damages.

33.     Counterdefendants' infringement of the mark MÖTLEY CRÜE has caused, and if not enjoined will further cause, irreparable harm.  As a result, MCI is entitled to an injunction prohibiting any further sale of *A Visual History*.

<u>**SECOND CAUSE OF ACTION**</u>

<u>**FOR VIOLATION OF THE CALIFORNIA RIGHT OF PUBLICITY**</u>

***(By MCI Against Neil Zlozower and Barry Levine)***

34.     Counterclaimant incorporates by reference each and every allegation contained in paragraphs 1 through 33 above.

35.     Counterdefendants used Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil's likenesses without their permission through the publication of *A Visual History* and *Portraits* in violation of California Civil Code § 3344 and common law.

36.     Counterclaimant owns the publicity rights associated with the likenesses of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil by assignment.

37.     Counterdefendants gained commercial benefits through the use of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil's likeness.

38.     As a direct and proximate result of the aforesaid wrongful acts, Counterclaimant has been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this Court.

39.     Counterdefendants' misappropriation of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil's likeness is a substantial factor in causing Counterclaimant's harm.

40.     As a direct and proximate result of the aforesaid wrongful acts, Counterclaimant has incurred, and will continue to incur, substantial attorneys' fees and costs.  Counterclaimant is entitled to an award of its attorneys' fees and costs incurred in connection with this action pursuant to Section 3344.1(a)(1) of the California Civil Code.

41.     By reason of the aforesaid wrongful acts, in addition to the relief sought above, Counterclaimant is entitled to an accounting of all of the Counterdefendants' revenues and profits associated with the unauthorized use of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil's likeness, and to an award of all such sums.

42.     By reason of the aforesaid wrongful acts, Counterdefendants are involuntary trustees holding all revenues and profits associated with the unauthorized use of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil's likeness, in their possession under a constructive trust for the benefit of Counterclaimant with a duty to transfer the same to Counterclaimant forthwith.

43.     Counterdefendants' misappropriation of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil's likeness was willful, malicious and wanton; and as a result, Counterclaimant is entitled to an award of punitive damages.

44.     Counterdefendants' misappropriation of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil's likeness has  caused, and if not enjoined will further cause, irreparable harm.  As a result, Counterclaimant is entitled to preliminary and permanent injunctive relief prohibiting any

ongoing sale of *A Visual History* or *Portraits*.

## THIRD CAUSE OF ACTION

## FOR VIOLATION OF THE CALIFORNIA RIGHT OF PUBLICITY

### (*By MCI Against Neil Zlozower*)

45.     Counterclaimant incorporates by reference each and every allegation contained in paragraphs 1 through 44 above.

46.     Counterdefendant used Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil's likenesses without their permission through the sale of photographs on his Website in violation of California Civil Code § 3344 and common law.

47.     Counterclaimant owns the publicity rights associated with the likenesses of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil by assignment.

48.     Counterdefendant gained commercial benefits through the use of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil's likeness.

49.     As a direct and proximate result of the aforesaid wrongful acts, Counterclaimant has been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this Court.

50.     Counterdefendant's misappropriation of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil's likeness is a substantial factor in causing Counterclaimant's harm.

51.     As a direct and proximate result of the aforesaid wrongful acts, Counterclaimant has incurred, and will continue to incur, substantial attorneys' fees and costs.  Counterclaimant is entitled to an award of its attorneys' fees and costs incurred in connection with this action pursuant to Section 3344.1(a)(1) of the California Civil Code.

52.     By reason of the aforesaid wrongful acts, in addition to the relief sought above, Counterclaimant is entitled to an accounting of all of the Counterdefendant's revenues and profits associated with the unauthorized use of Mick Mars, Nikki Sixx, Tommy Lee and Vince Neil's likeness, and to an award of all such sums.

53.     By reason of the aforesaid wrongful acts, Counterdefendant is an involuntary

trustee holding all revenues and profits associated with the unauthorized use of Mick Mars,
Nikki Sixx, Tommy Lee and Vince Neil's likeness, in his possession under a constructive trust
for the benefit of Counterclaimant with a duty to transfer the same to Counterclaimant forthwith.

54.     Counterdefendant's misappropriation of Mick Mars, Nikki Sixx, Tommy Lee and
Vince Neil's likeness was willful, malicious and wanton; and as a result, Counterclaimant is
entitled to an award of punitive damages.

55.     Counterdefendant's misappropriation of Mick Mars, Nikki Sixx, Tommy Lee and
Vince Neil's likeness has caused, and if not enjoined will further cause, irreparable harm.  As a
result, Counterclaimant is entitled to preliminary and permanent injunctive relief prohibiting any
ongoing sale of photographs of the band members of Mötley Crüe through the Website.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaimant prays for the following relief:

1.      For general, compensatory and special damages;

2.      For disgorgement of Counterdefendants' profits earned through the acts
complained of herein;

3.      For injunctive relief prohibiting any further sale of *A Visual History* and *Portraits*,
prohibiting any further sale of photographs of the band members of Mötley Crüe through the
Website and prohibiting Counterdefendants from any further unapproved use in commerce of the
mark MÖTLEY CRÜE and any further unapproved use of Mick Mars, Nikki Sixx, Tommy Lee
and Vince Neil's likeness;

4.      For costs of suit, including reasonable attorneys' fees to the extent permitted by
law; and

5.      For such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaimant hereby demands a trial by jury on all counterclaims to which they are entitled to a jury.

Dated: Los Angeles, California
       December 13, 2016

Respectfully Submitted,

By:    */s/ A. Sasha Frid*

A. Sasha Frid (*Admitted pro hac vice 11/17/16*)
David W. Schecter (*Admitted pro hac vice 11/17/16*)
Miller Barondess, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel:  (310) 552-4400
Fax: (310) 552-8400
Email: sfrid@millerbarondess.com
Email: dshecter@millerbaroness.com

John P. Margiotta
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, New York  10017
Tel: (212) 813-5957
Fax: (212) 813-5901
Email: jmargiotta@fzlz.com

*Attorneys for Defendants*
*MÖTLEY CRÜE, INC. and MÖTLEY CRÜE*
*TOURING, INC.*

*and Counterclaimant MÖTLEY CRÜE, INC.*